**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


NORBERT PATRICK KIDD,       )
                                 )
               Plaintiff,      )
     vs.                        )          4:11-cv-022-SEB-WGH
                                 )
JUDGE SALLY A. BLANKENSHIP, et al.,  )
                                 )
             Defendants.    )


### Entry and Order Directing Dismissal of Action

Norbert Kidd is an inmate at the Dearborn County Law Enforcement Center. He sues the judge, prosecutor, and defense attorney associated with the adjudication of No. 15D02-1001-CM-00014 in an Indiana state court. In that case, Kidd was prosecuted for battery. The present action is brought pursuant to 42 U.S.C. § 1983. Kidd seeks to have the defendants "disciplined through the bar association or disbarred."

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Kidd's complaint has been screened as required by 28 U.S.C. § 1915A.[1] As a result of that screening, the action must be dismissed because the complaint fails to state a claim upon which relief can be granted.

!      Claims against Judge Blankenship are dismissed with prejudice because of judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")

!      Claims against Prosecutor Brian Johnson are dismissed with prejudice because of prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976).

---

[1]Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

! The claims against Kidd's former attorney, public defender Gary W. Sorge are dismissed because his attorney was not acting under color of state law as required under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981) (a public defender does not act under color of state law "when performing the traditional functions of counsel to a criminal defendant").

Kidd also names Jail personnel--Sgt. Gary Steel, Corp. Guy Gramaglia, David Wismann, Sgt. Mcgowd, an unidentified correctional officer, and Captain David Hall--as defendants. The claims against these defendants are dismissed as legally insufficient, because there are no allegations of misconduct associated with these defendants. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/27/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana